**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX MEDIA, INC., | ) | Case No. 16-11200 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 13-2740040 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA EAST, INC., | ) | Case No. 16-11201 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 14-1855763 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA HOLDINGS, INC., | ) | Case No. 16-11202 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-4059762 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA SERVICE LLC, | ) | Case No. 16-11203 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-0359647 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA WEST, INC., | ) | Case No. 16-11204 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-137004 | ) | |

| | | |
|---|---|---|
| In re:<br><br>DEX ONE DIGITAL, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 95-4769750 | ) | Chapter 11<br><br>Case No. 16-11205 ([___]) |
| In re:<br><br>DEX ONE SERVICE, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 26-4450222 | ) | Chapter 11<br><br>Case No. 16-11206 ([___]) |
| In re:<br><br>R.H. DONNELLEY APIL, INC.,<br><br>Debtor.<br><br>Tax I.D. No. 88-0456495 | ) | Chapter 11<br><br>Case No. 16-11207 ([___]) |
| In re:<br><br>R.H. DONNELLEY CORPORATION,<br><br>Debtor.<br><br>Tax I.D. No. 27-3902490 | ) | Chapter 11<br><br>Case No. 16-11208 ([___]) |
| In re:<br><br>R.H. DONNELLEY INC.,<br><br>Debtor.<br><br>Tax I.D. No. 36-2467635 | ) | Chapter 11<br><br>Case No. 16-11209 ([___]) |

| | | |
|---|---|---|
| In re:<br><br>SUPERMEDIA INC.,<br><br>Debtor.<br><br>Tax I.D. No. 20-5095175 | ) | Chapter 11<br><br>Case No. 16-11210 ([___]) |
| In re:<br><br>SUPERMEDIA LLC,<br><br>Debtor.<br><br>Tax I.D. No. 75-2666092 | ) | Chapter 11<br><br>Case No. 16-11211 ([___]) |
| In re:<br><br>SUPERMEDIA SALES INC.,<br><br>Debtor.<br><br>Tax I.D. No. 36-3254411 | ) | Chapter 11<br><br>Case No. 16-11212 ([___]) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of their related chapter 11 cases, and (b) granting related relief. In support of this Motion, the Debtors respectfully state as follows.[1]

[1] The facts and circumstances supporting this Motion are set forth more fully in the *Declaration of Andrew Hede in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

4. The Debtors are a leading provider of marketing solutions to more than 400,000 businesses across the United States, and are headquartered in Dallas, Texas. Specifically, a substantial portion of the Debtors' business is focused on marketing solutions that help businesses and consumers connect with each other. The Debtors' marketing consultants provide essential services, advice, and value to businesses to help them thrive in an increasingly fragmented and competitive marketing services landscape. The Debtors' portfolio of marketing solutions includes: print and digital directories, search engine marketing and optimization,

website, video, online display advertising, mobile and CRM applications, online reputation management, social media solutions, and in-depth reports on customers' marketing programs.

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Relief Requested

6. The Debtors seek entry of the Order, (a) directing joint administration of these chapter 11 cases for procedural purposes only, and (b) granting related relief. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Dex Media, Inc. and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX MEDIA, INC., *et al.*,[1] | ) | Case No. 16-11200 (___) |
| Debtors. | ) | (Jointly Administered) |

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Dex Media, Inc. (0040); Dex Media East, Inc. (5763); Dex Media Holdings, Inc. (9762); Dex Media Service LLC (9647); Dex Media West, Inc. (7004); Dex One Digital, Inc. (9750); Dex One Service, Inc. (0222); R.H. Donnelley APIL, Inc. (6495); R.H. Donnelley Corporation (2490); R.H. Donnelley Inc. (7635); SuperMedia Inc. (5175); SuperMedia LLC (6092); and SuperMedia Sales Inc. (4411). The location of the Debtors' service address is: 2200 West Airfield Drive, P.O. Box 619810, DFW Airport, Texas 75261.

7. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Dex Media, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Dex Media, Inc., Case No. 16-11200; Dex Media East, Inc., Case No. 16-11201; Dex Media Holdings, Inc., Case No. 16-11202; Dex Media Service LLC, Case No. 16-11203; Dex Media West, Inc., Case No. 16-11204; Dex One Digital, Inc., Case No. 16-11205; Dex One Service, Inc., Case No. 16-11206; R.H. Donnelley APIL, Inc., Case No. 16-1107; R.H. Donnelley Corporation, Case No. 16-11208; R.H. Donnelley Inc., Case No. 16-11209; SuperMedia Inc., Case No. 16-11210; SuperMedia LLC, Case No. 16-11211; and SuperMedia Sales Inc., Case No. 16-11212. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-11200 ([___]).**

**Basis For Relief**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The 13 Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides that:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

11. Joint administration generally is non-controversial, and courts in this district routinely order joint administration of related cases. *See, e.g.*, *In re Aspect Software Parent, Inc.*, No. 16-10597 (MFW) (Bankr. D. Del. Mar. 11, 2016) (directing joint administration of related chapter 11 cases); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Feb. 3, 2016) (same); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG) (Bankr. D. Del. Dec. 16, 2015) (same); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (same); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. June 26, 2015) (same).[2]

12. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Notice**

14. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agents of the Debtors' prepetition secured credit facilities; (d) counsel to the ad hoc group of the Debtors' prepetition secured lenders; (e) the indenture trustee for the Debtors' prepetition subordinated notes; (f) counsel to the indenture trustee for the Debtors' prepetition subordinated notes; (g) counsel to the administrative agents under the Debtors' prepetition credit agreements; (h) counsel to the ad hoc group of the Debtors' prepetition subordinated note holders; (i) counsel to Mudrick Capital Management, LP; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (*l*) the Environmental Protection Agency; (m) the office of the attorneys general for the states in which the Debtors operate; (n) the Securities and Exchange Commission; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

15. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Wilmington, Delaware
Dated: May 16, 2016

/s/ *Patrick A. Jackson*

Pauline K. Morgan (Bar No. 3650)
Patrick A. Jackson (Bar No. 4976)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: pmorgan@ycst.com
pjackson@ycst.com

- and -

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
Marc Kieselstein, P.C. (*pro hac vice* admission pending)
Adam Paul (*pro hac vice* admission pending)
Bradley Thomas Giordano (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
marc.kieselstein@kirkland.com
adam.paul@kirkland.com
bradley.giordano@kirkland.com

*Proposed Counsel for the*
*Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX MEDIA, INC., | ) | Case No. 16-11200 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 13-2740040 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA EAST, INC., | ) | Case No. 16-11201 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 14-1855763 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA HOLDINGS, INC., | ) | Case No. 16-11202 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-4059762 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA SERVICE LLC, | ) | Case No. 16-11203 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-0359647 | ) | |
| In re: | ) | Chapter 11 |
| DEX MEDIA WEST, INC., | ) | Case No. 16-11204 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 20-137004 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX ONE DIGITAL, INC., | ) | Case No. 16-11205 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 95-4769750 | ) | |
| In re: | ) | Chapter 11 |
| DEX ONE SERVICE, INC., | ) | Case No. 16-11206 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 26-4450222 | ) | |
| In re: | ) | Chapter 11 |
| R.H. DONNELLEY APIL, INC., | ) | Case No. 16-11207 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 88-0456495 | ) | |
| In re: | ) | Chapter 11 |
| R.H. DONNELLEY CORPORATION, | ) | Case No. 16-11208 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 27-3902490 | ) | |
| In re: | ) | Chapter 11 |
| R.H. DONNELLEY INC., | ) | Case No. 16-11209 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 36-2467635 | ) | |

| | | |
|---|---|---|
| In re:<br>SUPERMEDIA INC.,<br>Debtor.<br>Tax I.D. No. 20-5095175 | ) | Chapter 11<br>Case No. 16-11210 ([___]) |
| In re:<br>SUPERMEDIA LLC,<br>Debtor.<br>Tax I.D. No. 75-2666092 | ) | Chapter 11<br>Case No. 16-11211 ([___]) |
| In re:<br>SUPERMEDIA SALES INC.,<br>Debtor.<br>Tax I.D. No. 36-3254411 | ) | Chapter 11<br>Case No. 16-11212 ([___]) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order

1 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 16-11200 (___).

3. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX MEDIA, INC., *et al.*,[1] | ) | Case No. 16-11200 (___) |
| Debtors. | ) | (Jointly Administered) |

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Dex Media, Inc. (0040); Dex Media East, Inc. (5763); Dex Media Holdings, Inc. (9762); Dex Media Service LLC (9647); Dex Media West, Inc. (7004); Dex One Digital, Inc. (9750); Dex One Service, Inc. (0222); R.H. Donnelley APIL, Inc. (6495); R.H. Donnelley Corporation (2490); R.H. Donnelley Inc. (7635); SuperMedia Inc. (5175); SuperMedia LLC (6092); and SuperMedia Sales Inc. (4411). The location of the Debtors' service address is: 2200 West Airfield Drive, P.O. Box 619810, DFW Airport, Texas 75261.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Dex Media, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Dex Media, Inc., Case No. 16-11200; Dex Media East, Inc., Case No. 16-11201; Dex Media Holdings, Inc., Case No. 16-11202; Dex Media Service LLC, Case No. 16-11203; Dex Media West, Inc., Case No. 16-11204; Dex One Digital, Inc., Case No. 16-11205; Dex One Service, Inc., Case No. 16-11206; R.H. Donnelley APIL, Inc., Case No. 16-1107; R.H. Donnelley Corporation, Case No. 16-11208; R.H. Donnelley Inc., Case No. 16-11209; SuperMedia Inc., Case No. 16-11210; SuperMedia LLC, Case No. 16-11211; and SuperMedia Sales Inc., Case No. 16-11212. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-11200 ([___]).**

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ___________, 2016
Wilmington, Delaware

______________________________________
UNITED STATES BANKRUPTCY JUDGE