**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| DEX MEDIA, INC., *et al.*,[1] | ) | Case No. 16-11200 (KG) |
| Debtors. | ) | (Jointly Administrate red) |
| | ) | **Re: Docket Nos. 12, 63**, 140 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION AND CERTAIN REIMBURSABLE EXPENSES, (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, (C) CONTINUE CERTAIN ORDINARY COURSE INCENTIVE PROGRAMS FOR NON-INSIDERS, AND (D) PAY RELATED COSTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to pay certain prepetition (i) wages, salaries, commissions, director obligations, severance obligations, and other compensation and pay such obligations in the ordinary course of business on a postpetition basis, (ii) reimbursable employee expenses and pay such obligations in the ordinary course of business on a postpetition basis, (iii) employee benefits and continue providing such benefits in the ordinary course of business, (iv) amounts related to certain ordinary course incentive compensation programs for non-insider employees and continue such programs in the ordinary course of business, and (v) costs related to the foregoing, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Dex Media, Inc. (0040); Dex Media East, Inc. (5763); Dex Media Holdings, Inc. (9762); Dex Media Service LLC (9647); Dex Media West, Inc. (7004); Dex One Digital, Inc. (9750); Dex One Service, Inc. (0222); R.H. Donnelley APIL, Inc. (6495); R.H. Donnelley Corporation (2490); R.H. Donnelley Inc. (7635); SuperMedia LLC (6092); SuperMedia Inc. (5175); and SuperMedia Sales Inc. (4411). The location of the Debtors' service address is: 2200 West Airfield Drive, P.O. Box 619810, DFW Airport, Texas 75261.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits, and to implement new programs, policies, and benefits, in the ordinary course of business, and to pay any prepetition amounts due in connection therewith.

3. The automatic stay is modified, pursuant to section 362(d) of the Bankruptcy Code, solely to the extent necessary to permit Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and the

Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business.

4. Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any orders regarding the use of cash collateral approved by this Court in these chapter 11 cases (including with respect to any budgets governing or relating to such use), and (b) to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Employee, Contract Worker, or other third party.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Employee Compensation and Benefits.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: June 8, 2016
Wilmington, Delaware

Kevin Gross
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE